**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CARRIE J. BROWN,

      Plaintiff,

v.

      CASE NO. 2:14-cv-14499

COMMISSIONER OF SOCIAL
SECURITY,

      HON. MARIANNE O. BATTANI

      Defendant.

_____ /

**OPINION AND ORDER OVERRULING THE PLAINTIFF'S OBJECTIONS
AND ADOPTING THE REPORT AND RECOMMENDATION**

**I.   INTRODUCTION**

Before the Court are Plaintiff Carrie Jean Brown's objections (Doc. 17) to Magistrate Judge Michael J. Hluchaniuk's October 7, 2015, Report and Recommendation ("R&R") (Doc. 16).  In the R&R, the Magistrate Judge recommended that the Court grant Defendant Commissioner of Social Security's motion for summary judgment (Doc. 14) and deny Plaintiff's motion for summary judgment (Doc. 13).  For the reasons that follow, the Court **OVERRULES** the Plaintiff's objections and **ADOPTS** the R&R.

**II.   STATEMENT OF FACTS**

As the parties have not objected to the R&R's recitation of the facts, the Court adopts that portion of the R&R.  (See Doc. 16, pp. 3-6.)

**III.   STANDARD OF REVIEW**

    **A.   Objections to a Magistrate Judge's R&R**

A district court must conduct a *de novo* review of the portions of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of a matter referred to a magistrate. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

The Sixth Circuit has made clear that "[o]verly general objections do not satisfy the objection requirement." Spencer v. Bouchard, 449 F.3d 721, 725 (6th Cir. 2006). Only specific objections are entitled to *de novo* review; vague and conclusory objections amount to a complete failure to object as they are not sufficient to pinpoint those portions of the R&R that are legitimately in contention. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir.1986) (per curiam). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." Spencer, 449 F.3d at 725 (quoting Miller, 50 F.3d at 380).

**B. Standard of Review Applicable to Social Security Cases**

This Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards. Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted).

When reviewing the Commissioner's factual findings for substantial evidence, the Court is limited to an examination of the record and must consider that record as a whole. Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992). There is no requirement, however, that either the Commissioner or this Court discuss every piece of evidence in the administrative record. Kornecky v. Comm'r of Soc. Sec., 167 F. App'x 496, 508 (6th Cir. 2006). Further, this Court does "not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007).

## IV. DISCUSSION

Plaintiff's objections to the R&R focus exclusively on the analysis of medical source opinions regarding Plaintiff's psychological impairments. Specifically, Plaintiff contends that the R&R inadequately explains how treatment notes and objective

3

observations rendered by consultative examiner and treating source James R. Findley, Ph.D., L.P., were inconsistent with his evaluations of Plaintiff's mental functional capacity.

Both the R&R and the Administrative Law Judge's ("ALJ's") decision discussed Dr. Findley's opinions that Plaintiff would be unable to handle the stress of a regular job (Tr. 652); that her psychological impairments would cause her to be absent from work more than three times per month (Tr. 623); that she would have difficulty carrying out even routine, repetitive tasks on a consistent and sustained basis (Tr. 341, 566); and that she demonstrated marked limitations in her ability to deal with work stress and ability to maintain attention and concentration for extended periods (Tr. 624-25). Contrary to Plaintiff's argument, the R&R specifies what facets of Dr. Findley's opinions were inconsistent with these conclusions. Namely, both the R&R and the ALJ's decision point to Dr. Findley's findings that Plaintiff would be capable of understanding moderately complex instructions (Tr. 341, 566, 624), as well as her relatively normal mental status examinations that demonstrated only mild impairment in concentration and short-term memory. (Tr. 339-40, 565). Furthermore, the R&R cites to Dr. Findley's Mental Impairment Questionnaire, which indicated that Plaintiff has no limitations in understanding, remembering, and carrying out simple, one- to two-step instructions; sustaining an ordinary routine without supervision; working in coordination with and proximity to others without being distracted by them; and interacting appropriately with the general public. (Tr. 624-25).

The R&R reasons that in this function-by-function Mental Impairment Questionnaire, "Dr. Findley found no significant limitation in plaintiff's ability to meet

4

most of the mental demands of unskilled work." (Doc. 16, p. 19). The Court agrees with Magistrate Judge Whalen's conclusion that these inconsistencies constitute "good reason" for not crediting a treating source's opinion pursuant to 20 C.F.R. § 404.1527(d)(2). As stated in the R&R, the Court may not reverse the Commissioner's decision merely because it may disagree with the conclusions or because "there exists in the record substantial evidence to support a different conclusion." McClanahan v. Comm'r of Soc. Sec., 474 F.3d 830, 833 (6th Cir. 2006). Here, because there exists substantial evidence supporting the ALJ's decision, the Court may not reverse simply because other evidence may support the opposite conclusion.

In support of his determination that the Plaintiff is not disabled, the ALJ also relied on her reported activities of daily living ("ADLs"). The ALJ noted that Plaintiff lived independently; denied any problems with household chores, shopping, or managing her finances; walked or rode her bicycle almost every day to the library, appointments, and errands; drove the ten to fifteen miles to her appointments with Dr. Findley; and spent much of her time watching television or reading. (Tr. 26). The ALJ's summary is borne out by the record. According to Plaintiff's self-reported Function Report, she spends her days doing housework, watching television, sometimes going to the library, and making dinner. (Tr. 282). She reports no difficulties with personal care and prepares meals daily. (Tr. 282-83). She performs light cleaning such as laundry and washing dishes, goes out every day, and does grocery shopping once or twice per week. (Tr. 283-84). She also reports difficulty with concentration, memory, and following spoken instructions, as well as anxiety when in public. (Tr. 285-86). Plaintiff takes issue in particular with the ALJ's statement that she rides her bicycle to the library almost every

5

day, as she stated during the hearing, "I ride [my] bike *occasionally*." (Tr. 56 (emphasis added)). Such a slight misstatement is so insignificant, especially in light of Plaintiff's other self-reported ADLs, that it does not merit reversal of the Commissioner's decision. Indeed, the ALJ's characterization of Plaintiff's ADLs is supported by substantial evidence.

Next, Plaintiff objects to the ALJ's reliance on the September 24, 2012, opinion rendered by reviewing source Robert Newhouse, M.D., as Dr. Newhouse only had the benefit of reviewing Dr. Findley's May 21, 2011, consultative examination report but not his additional reports as a treating source. Plaintiff asserts that the ALJ erroneously wrote that Dr. Newhouse "examined all of the available evidence." (See Tr. 26). Relying on Blakely v. Commissioner of Social Security, Plaintiff argues that an ALJ's decision must make clear that the ALJ recognized and evaluated the treating relationships. See 581 F.3d 399, 409 (6th Cir. 2009). First, in light of the discussion above, the Court finds that the ALJ did recognize and evaluate Dr. Findley's opinions in their entireties. Second, the Court agrees with Plaintiff that Dr. Newhouse did not, in fact, review all of the available evidence. However, Dr. Findley's May 2011 opinion is largely the same as his November 2012 opinion, and any differences suggest improvement. Accordingly, Dr. Newhouse's inferences are not based on outdated information, and the ALJ was justified in relying on Dr. Newhouse's report.

Plaintiff claims that the ALJ failed to evaluate Dr. Findley's February 18, 2013, letter beyond providing a mere recitation of the conclusions contained therein. The ALJ's decision does indeed summarize the contents of this letter, along with Dr. Findley's June 11, 2013, Mental Impairment Questionnaire. However, the decision

continues, "I have considered *all of Dr. Findley's opinions* in light of his treating relationship with the claimant and expertise in psychological evaluation and treatment. However, I have given them little weight to the extent they are inconsistent . . . ." (Tr. 27 (emphasis added)). The decision then elaborates on why Dr. Findley's evaluations, as a whole, are not accorded controlling weight. Therefore, the Court rejects Plaintiff's argument that the ALJ failed to consider this evidence adequately.

Finally, Plaintiff challenges the ALJ's reliance on the reported improvement in her condition; though some reports demonstrate gradual progress, such progress should be taken relative to Plaintiff's baseline. That is, although Plaintiff has improved, Dr. Findley specifically opined that Plantiff "would not yet be able to handle the stress of a regular job." (Tr. 362). Though Plaintiff's point on this matter is well taken, see Winn v. Comm'r of Soc. Sec., 615 F. App'x 315, 323 (6th Cir.) ("The notes indicate progress and improvement from some previous baseline; they are not inconsistent with the conclusion that Winn's overall condition was such that she suffered from severe mental impairment."), improvement in her condition was only one of many reasons given by the ALJ for declining to accept Dr. Findley's opinion. Likewise, as concluded by Magistrate Judge Hluchaniuk, the ALJ's reliance on the suggestion that Dr. Findley's opinions were influenced by a pecuniary motive, while improper, was ultimately harmless error. See Cole v. Astrue, 661 F.3d 931, 940 (6th Cir. 2011) ("[A] violation of the good reasons rule can be deemed to be 'harmless error' if . . . '(3) where the Commissioner has met the goal of § 1527(d)(2) . . . even though she has not complied with the terms of the regulation.'") (citing Friend v. Comm'r of Soc. Sec., 375 F. App'x 543, 551 (6th Cir.

2010)).  Apart from these two unpersuasive and improper considerations, the ALJ's decision was nonetheless supported by substantial evidence.

## V.  CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Magistrate Judge's recommendation to grant Defendant's motion for summary judgment and deny Plaintiff's motion for summary judgment.

**IT IS SO ORDERED.**

Date:     January 29, 2016                    s/Marianne O. Battani
                                              MARIANNE O. BATTANI
                                              United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on January 29, 2016.

                                              s/ Kay Doaks
                                              Case Manager